UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WILSON SPORTING GOODS CO., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 00 C 6517 |
| | ) | |
| HILLERICH & BRADSBY CO., | ) | Judge Ruben Castillo |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

After prolonged litigation, this Court entered judgment in Defendant Hillerich & Bradsby Co.'s ("H&B") favor on October 27, 2004. (R. 122.) Pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Rule 54.1, H&B has submitted a bill of costs seeking recovery of its statutorily-permitted costs. (R. 135-1.) In its original bill of costs, H&B sought $10,761.58 in deposition and court reporter costs and $29,507.45 in photocopying and exemplification costs. (*Id.*) In its reply to Plaintiff Wilson Sporting Goods Co.'s ("Wilson") opposition to its bill of costs, however, H&B concedes that it miscalculated the amount due for deposition costs and now seeks $7,358.48 in deposition and court reporting costs. (R.142, Def.'s Reply at 6.) Wilson argues that H&B has seriously over-stated its costs and that H&B is entitled only to $3,624.58 in deposition costs and $1,564.80 in photocopying costs. (R. 134, Pl.'s Resp. at 6.)

## LEGAL STANDARDS

Rule 54 establishes a presumption that the prevailing party in civil litigation will be awarded statutorily-permitted costs. FED. R. CIV. P. 54(d); *Fincum v. Ford Motor Co.*, 57 F.3d 526, 533 (7th Cir. 1995). The term "costs" as used in Rule 54(d) is defined by 28 U.S.C. § 1920, which states that prevailing parties may collect costs including: " . . . (2) Fees of the court

reporter for all or any part of the stenographic transcript necessarily obtained for use in the case . . . [and] (4) Fees for exemplification and copies of papers necessarily obtained for use in the case." *See also Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). In determining whether to award costs, we must consider whether there is statutory authority for recovery of the costs, whether the costs incurred were necessary to the litigation, and whether the amount sought is reasonable. *Id.* at 453; *Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000); *Egebergh v. Vill. of Mount Prospect*, 96 C 5863, 2004 WL 868643, at *1 (N.D. Ill. Apr. 20, 2004).

## ANALYSIS

### I. Deposition and Court Reporter Costs

H&B's request for deposition and court reporter costs in the total amount of $7,358.48 can be organized into three categories as follows: 1) deposition transcript costs ($4,028.25); 2) incidental deposition costs including deposition attendance fees and transcript preparation fees ($2,709.71); and 3) court reporter fees and transcript costs for hearings before Judge Ashman ($620.52). We will address each category in turn.

#### A. Deposition Transcript Costs

The costs of deposition transcripts are taxable under 28 U.S.C. § 1920(2) as stenographic transcripts. *Majeske*, 218 F.3d at 825; *Cengr*, 135 F.3d at 454. H&B has submitted the affidavit of Manotti L. Jenkins—H&B's counsel—stating that the deposition for which H&B seeks recovery were each necessarily obtained for use in the case. (R. 136, Decl. in Support of Bill of Costs at 2.) Wilson does not challenge Jenkins's representation that the depositions were necessary to the case, so our only inquiry is whether the amount that H&B seeks for the

deposition transcripts is reasonable.[1] *Cengr*, 135 F.3d at 453. Under Local Rule 54.1(b), the costs of deposition transcripts "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time the transcript or deposition was filed unless some other rate was previously provided for by order of court." At the time the depositions in this case occurred, the Judicial Conference rate allowed for costs of $3.00 per page for original transcripts and $0.75 per page for transcript copies. *See Cengr*, 135 F.3d at 455; *Zenith Elec. Corp. v. WH-TV Broad. Corp.*, 01 C 4366, 2004 WL 1631676, at *3 (N.D. Ill. July 19, 2004). Local Rule 54.1 also describes the number of transcript copies that are taxable: "only the cost of the original of such transcript or deposition together with the cost of one copy each where needed by counsel and, for depositions, the copy provided to the court shall be allowed." N.D. ILL. R. 54.1(b).

H&B seeks recovery of its costs for one copy of six depositions noticed by Wilson and its costs for the original transcript and one copy of the four depositions noticed by H&B. (R. 142, Def.'s Reply at 3-5.) Wilson concedes that H&B is entitled to costs—at a rate of $0.75 per page—for the depositions conducted by Wilson, but argues that H&B should only be compensated for the cost of the original transcript—at a rate of $3.00 per page—for the depositions conducted by H&B. (R. 134, Pl.'s Resp. at 2-4.) As noted above, however, the local rules make clear that H&B is entitled to the cost of the original transcript plus one copy for counsel of its own depositions. N.D. ILL. R. 54.1(b); *Cengr*, 135 F.3d at 455. As a result, we award H&B recovery of its deposition transcript costs as follows:

---

[1] We presume that the deposition transcripts are reasonably necessary to this litigation unless Wilson demonstrates otherwise. *See Movitz v. First Nat'l Bank of Chi.*, 982 F. Supp. 571, 574-75 (N.D. Ill. 1997).

| Wilson Depositions | | H&B Depositions | |
|---|---|---|---|
| **Deponent** | **Costs** | **Deponent** | **Costs** |
| George Manning | 242 pgs. x $0.75 = $181.50 | James Hackett | (212 pgs. x $3) + (212 pgs. x $0.75) = $795.00 |
| James Sass | 137 pgs. x $0.75 = $102.75 | Mark Schrubbe | (122 pgs. x $3) + (122 pgs. x $0.75) = $457.50 |
| Jay Bhatt | 138 pgs. x $0.75 = $103.50 | Mark Fritzke | (302 pgs. x $3) + (302 x $0.75) = $1132.50 |
| Jeff Harris | 36 pgs. x $0.75 = $27.00 | Michael Eggiman | (291 pgs. x $3) + (291 pgs. x $0.75) = $1091.25 |
| James Eaves | 111 pgs. x $0.75 = $ 83.25 | | |
| Warren Larberg | 72 pgs. x $0.75 = $54.00 | | |
| **Total** | **$552.00** | **Total** | **$3,476.25** |

Based on these calculations, H&B is entitled to recover deposition transcript costs in the amount of $4,028.25.

### B. Incidental Deposition Costs

H&B also seeks recovery of certain costs incidental to the depositions, including court reporter attendance fees and transcript preparation fees. (R. 142, Def.'s Reply at 5.) These costs include $2,503.71 in attendance fees for the four depositions noticed by H&B—Hackett, Schrubbe, Fritzke, and Eggiman—and $206.00 for transcript preparation fees charged by court reporters on November 13, 2002 and November 15, 2002. (R. 142, Def.'s Reply at 5; R. 136, Def.'s Decl. in Support of Bill of Costs, Ex. C, Costs for Court and Deposition Reporting.) H&B correctly points out that the Seventh Circuit has allowed recovery of incidental deposition costs even though they are not expressly provided for by statute. *Finchum*, 57 F.3d at 534. It is also

4

true, however, that we cannot award costs as requested when "the costs cannot be obtained reasonably by reference to supporting documentation[.]" *Harkins v. Riverboat Servs., Inc.*, 286 F. Supp. 2d 976, 980 (N.D. Ill. 2003); *see also Barnett v. City of Chi.*, 92 C 1683, 1999 WL 138813, at *9 (N.D. Ill. Mar. 5, 1999). A submission of itemized invoices is usually sufficient to support a request for costs. *See M.T. Bonk Company v. Milton Bradley Co.*, 945 F.2d 1404, 1410 (7th Cir. 1991).

H&B seeks to recover the costs of court reporter charges incurred on October 24, 2002 and for deposition attendance fees on October 8, 2002 and November 12, 2002 in the total amount of $2,503.71. (R. 136, Def.'s Decl. in Support of Bill of Costs, Ex. C, Costs for Court and Deposition Reporting.) H&B states that these costs represent the total court reporter fees for the four depositions noticed by H&B reduced by the total amount of the transcript costs for those four depositions. (R. 142, Def.'s Reply at 5.) Wilson has argued, however, that no depositions took place on November 12, 2002. (R. 134, Pl.'s Resp. at 3-4.) H&B has provided no explanation in its reply brief for whether its request for attendance fees on that day was in error. Nor has it provided any documentation showing that any depositions in fact took place on that day.

The documentation supporting H&B's request for attendance fees is lacking in other respects. Rather than submitting the court reporters' invoices, H&B submitted a series of copies of the disbursement summary portions of invoices from Schiff Hardin & Waite LLP (Exhibit B) and a table—the genesis of which is unclear—reflecting the vendor, date, description, and cost of H&B's deposition and court reporter costs from December 10, 2001 through April 24, 2004

(Exhibit C).[2] (R. 136, Def.'s Decl. in Support of Bill of Costs at 2-3 & Exs. B&C.) This documentation does not provide sufficient information for us to determine if the requested attendance fees are reasonable. In its reply brief H&B states that it "originally unintentionally miscalculated the recoverable deposition costs" and now seeks only $7,358.48 rather than $10,761.58. (R. 142, Def.'s Reply at 6.) Though H&B specifically withdrew its original request for $1,014.00 for an additional court reporter at the deposition of George Manning, (*id.* at 4), it is unclear from where H&B took the additional reductions from the costs listed in Exhibit C.[3] Without any further explanation of why those costs are inaccurate, we cannot determine that the remaining fees reflected in the invoices and table are accurate.

Though H&B is entitled to a presumption that it will recover its costs—including court reporter fees—as the prevailing party in this litigation, we cannot award costs without any accurate explanation backed up by documentation demonstrating what costs it incurred. Because H&B has not explained adequately the $2,503.71 it seeks in court reporter fees and deposition attendance fees nor assured us of the accuracy of that number, we cannot award H&B those costs.

---

[2] The genesis of the table categories is unclear because the Schiff Hardin & Waite LLP invoice summaries do not list the specific court reporters, dates of depositions, or descriptions that are provided in Exhibit C.

[3] We cannot tell from reviewing H&B's affidavit, exhibits, and reply brief why H&B is excluding $2,389.10 from its original request for costs. Subtracting $1,014.00 for the additional court reporter from $10,761.58 brings H&B's costs as shown in Exhibit C and the invoices down to $9,747.58. Thus there is an additional $2,389.10 in costs listed in H&B's documentation that H&B now does not seek, apparently because those costs are a "miscalculation." (R. 142, Def.'s Reply at 6.)

We will, however, award the $206.00 H&B seeks in transcript preparation fees. Wilson has not challenged the accuracy of these fees, but rather has argued that H&B has not demonstrated they are reasonably necessary to the litigation. (R. 134, Pl.'s Resp. at 3.) H&B has submitted an affidavit, however, stating that these fees were necessary to the litigation. The burden thus is Wilson's to demonstrate that the transcript preparation fees are not necessary. *See Chemetall GMBH v. ZR Energy, Inc.*, 99 C 4334, 2001 WL 1104604, at *24 (N.D. Ill. Sept. 18, 2001) (stating that "[a] court is to presume that deposition transcripts are reasonable and necessary unless the [non-prevailing party] proves otherwise"). Wilson has not done so. As a result—and because the Seventh Circuit has upheld costs incidental to depositions, *see Finchum*, 57 F.3d at 534—we will allow H&B the $206.00 it requests in transcript preparation fees.

### C. Court Reporter Fees and Transcript Costs for Judge Ashman Hearings

H&B also seeks $620.52 for the costs of hearing transcripts and court reporter fees for hearings before Judge Ashman. (R. 142, Def.'s Reply at 6.) Wilson conceded that H&B may collect its costs for the transcripts before Judge Ashman, which amount to $353.33. (R. 134, Pl.'s Resp. at 4.) Because Wilson has effectively conceded that the hearing transcripts were necessary, we only need to resolve whether H&B's request for $620.52 in transcript and court reporter fees is reasonable. *Cengr*, 135 F.3d at 453. H&B represented that this amount includes the fees for seven hearings, including a Markman Hearing. (*See* R. 136, Decl. in Support of Bill of Costs, Ex. C, Costs for Court and Deposition Reporting.) Thus the cost of the hearing transcripts and fees average to less than $100.00 per hearing, which we consider reasonable given this Court's experience regarding the complexity of such hearings.

## II. Photocopy Costs

H&B seeks $29,507.45 in photocopy expenses, which includes $21,145.05 for copying by outside vendors and the remainder for in-house copying. (R. 135, Bill of Costs; R. 142, Def.'s Reply at 6.) In the supporting affidavit, Jenkins represented that the in-house copying was billed at a rate of $0.15 per page and that "[t]he rates for outside copying charges varied from vendor to vendor." (R. 136, Decl. in Support of H&B's Bill of Costs at 4.) Wilson objects to the request for photocopying costs, arguing that H&B has misrepresented the amount of recoverable copying costs and failed to demonstrate that the copies it made were necessary to the litigation.[4] (R. 134, Pl.'s Resp. at 5-6.)

Section 1920 expressly states that the prevailing party may recover its costs for "copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4). Copy costs are generally only allowed for materials actually prepared for use in the litigation, rather than copies made for the convenience of the attorneys. *Harkins*, 286 F. Supp. 2d at 982-83. "The burden is on the party seeking reimbursement for photocopying costs to show that the photocopied items were necessary; if that party fails to meet the burden, the court should not award costs for those items." *Tirapelli v. Advanced Equities, Inc.*, 222 F. Supp. 2d 1081, 1086 (N.D. Ill. 2002); *Chemetall GmbH*, 2001 WL 1104604, at *33. To recover copy costs, the prevailing party is not required to "submit a bill of costs containing a description so detailed as to make it impossible economically

---

[4]Though H&B has represented that it produced over 10,000 pages in discovery, (R. 142, Def.'s Reply at 7), Wilson contends that H&B only produced 5,216 pages in response to discovery requests, (R. 134, Pl.'s Resp. at 5). Wilson argues that because H&B has not adequately explained what the approximately 196,716 pages of copies that make up H&B's request for costs we should award H&B no more than $1,564.80, which represents the cost copies of twice the amount of documents H&B produced in discovery at a rate of $0.15 per page. (R. 134, Pl.'s Resp. at 6.)

8

to recover photocopying costs;" instead it must "provide the best breakdown obtainable from retained records." *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 643 (7th Cir. 1991). Such a breakdown "is vital to provide the court with enough information to determine if the copies in question were reasonably necessary, in both price and content, for use in the case." *Int'l Oil v. Uno-Ven Co.*, 97 C 2663, 1998 WL 895557, at *2 (N.D. Ill. Dec. 14, 1998); *see also Leggett & Platt, Inc. v. Hickory Springs Mfg. Co.*, 149 F. Supp. 2d 394, 397 (N.D. Ill. 2001) (denying photocopying costs where prevailing party did not submit reliable verification of its costs).

We find that H&B has demonstrated that it is entitled to its in-house copying costs. It has provided a general description of the documents copied, the number of pages copied, and the cost per page that it charged for those copies.[5] (R. 136, Decl. in Support of H&B's Bill of Costs at 3-4.) Jenkins also averred that he reviewed all of the in-house copying charges and reduced the total by 50% to ensure that H&B did not include any unnecessary copying charges in its bill of costs. (*Id.* at 4.) Though not comprehensive by any means, we find that H&B's submissions are sufficiently detailed for us to find that the documents copied were reasonably necessary to the litigation and that the requested $8,632.40 is a reasonable amount for its in-house duplication costs. *Int'l Oil*, 1998 WL 895557, at *2.

---

[5]H&B has represented that the categories of copied documents include discovery documents, pleadings, motions, oppositions, memoranda, and other court documents, deposition exhibits, patent files necessary to the case, exhibits prepared for the *Markman* hearing, and documents from the *DeMarini v. Worth* case that Wilson put in issue in this case. (R. 142, Def.'s Reply at 6-7.)

We find that H&B has not submitted adequate documentation, however, to support its request for $21,145.05 in copying costs from outside vendors. First, H&B has not provided the price charged per page for copies made by outside vendors; rather, Jenkins simply averred that the cost of copying "varied from vendor to vendor." (R. 136, Decl. in Support of H&B's Bill of Costs at 4.) We cannot determine whether the charged amounts are reasonable unless we know what the vendor charged. Even the cases that H&B cites indicate that the party seeking costs should indicate the rate at which copies are priced. *See Zigmut v. Bd. of Educ. of Chi.*, 91 C 0118, 1992 WL 220619, at *3 (N.D. Ill. Aug. 4, 1992); *Int'l Oil*, 1998 WL 895557, at *2-3.

Second, though H&B has indicated how many pages were copied in-house, it has not provided any information regarding the number of pages copied by outside vendors. (R. 136, Def.'s Decl. in Support of Bill of Costs, Ex. D, Copying Costs.) Instead, it has provided a table—again, the genesis of this table is unclear—that simply provides the name of the outside vendor, the date of the copy job, and the total cost charged by the vendor. (*Id.*) This table provides no information regarding the amount of copies made. H&B is not entitled to an infinite number of copies of even necessary documents, and from its submissions we simply cannot determine whether the amount of copying was truly necessary and reasonable.

Finally, H&B has made no attempt to show that it reviewed the outside charges to ensure that it is only requesting costs for copies that were necessary to the litigation. Nor has H&B explained why it is reasonable to reduce its in-house charges to account for unnecessary copies but not to undertake a similar exercise for its outside vendor copying. The descriptions it has provided in Exhibit D for its outside vendor jobs are so general that we cannot determine whether the copies made necessary and reasonable. Given the history of this litigation, this Court simply

10

cannot conclude that the total outside copying vendor cost was reasonably spent in defense of this litigation.

Because we cannot determine the reasonableness of the costs H&B has requested for outside copying vendors, we will modify the requested amount consistent with our analysis of what is a reasonable charge for outside vendor copying in the context of this litigation. We think the best way to accomplish this is to significantly reduce H&B's request by 75% to adequately account for any copies that were made for the convenience of counsel or any other purpose that is not recoverable under the statute. The reduction also accounts for potentially unreasonable outside vendor per-page charges or copy jobs that may have included an unreasonable number of duplications. This brings H&B's outside vendor costs down to $5,286.26. Assuming a rate of $0.15 per page, this reduced amount would reflect the cost of duplicating 35,242 pages of documents. Given the number and volume of filings in this case, as well as Jenkins's averment that the claimed costs reflect copies of numerous categories of documents necessary to discovery and hearings in this litigation, we do not find this number to be unreasonable. As a result, we will award H&B $5,286.26 in copying costs from outside vendors.

## CONCLUSION

For the reasons set forth above and pursuant to Federal Rule of Civil Procedure 54, Local Rule 54.1, and 28 U.S.C. § 1920, we award H&B costs as follows:

- $4,028.25 for deposition transcript costs;
- $206.00 for deposition transcript preparation fees;
- $620.52 for hearing transcripts and court reporter fees for hearings before Judge Ashman;
- $8,632.40 for in-house copying costs; and
- $5,286.26 for outside vendor copying costs.

Thus, we award H&B total costs in the amount of $18,773.43.

ENTERED: /s/ Ruben Castillo
Judge Ruben Castillo
United States District Court

**Dated: March 21, 2005**